NOT FOR PUBLICATION                                      [11,12,13]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

_____
                                              :
PAIGE F. BAILEY,                              :
                                              :
                        Plaintiff,            :
                                              :        Civil No. 05-3739 (FLW)
            v.                                :
                                              :        **OPINION**
COMMISSIONER OF SOCIAL                        :
SECURITY,                                     :
                                              :
                        Defendant.            :
_____:


**WOLFSON, District Judge**

Presently before the Court is Plaintiff's Petition for Attorney's Fees and Costs pursuant to 28 U.S.C. § 2412.  Plaintiff contends that pursuant to Shalala v. Schaefer, as the prevailing party in the underlying dispute challenging a final decision of the Commissioner of Social Security ("Commissioner"), Plaintiff is entitled to Attorney's Fees and Costs in the amount of $6,418.25.[1] The Court has considered the petition, opposition and reply papers; for the reasons that follow, the Court holds that Plaintiff's Attorney may recover $6,380.00 in fees and costs.

## I.  BACKGROUND

On November 13, 2001, Plaintiff filed an application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income payments as a result of an injury she

_____

[1]Although Plaintiff originally requested compensation of $6,111.75 ($5,861.75 in fees and $250.00 for the filing fee), Langton Aff. at ¶ 3, Plaintiff requests an additional $306.50 for 2 hours spent preparing a reply on the issue of Attorney's Fees.  Pl. Reply at 4.

sustained in an automobile accident.  Bailey v. Commissioner of Social Security, Civ. 05-3739, Opinion, September 27, 2006 ("Bailey Opinion"), at 2.  Plaintiff's application was denied initially and upon reconsideration.  Id.  Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and Plaintiff gave testimony before ALJ Ralph J. Muehling on March 25, 2003.  Id. at 1-2.  On May 29, 2003, the ALJ rendered his decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  Id. at 2.  Plaintiff petitioned the Social Security Appeals Council for review, but the Appeals Council denied Plaintiff's petition on June 3, 2005, making that decision the final decision of the Commissioner. Id.  On July 26, 2005, Plaintiff initiated an appeal to this Court, seeking reversal of the Commissioner's decision.    Pl.'s Complaint at 3.

Plaintiff attacked the ALJ's decision on five separate grounds.  Bailey Opinion at 1.  First, Plaintiff claimed that the ALJ failed to specify the listed impairments he considered in rendering his decision.  Id.  Second, Plaintiff claimed that the ALJ erred in finding that Plaintiff's impairments do not satisfy the requirements of the Listings of Impairments.  Id.  Third, Plaintiff claimed that the ALJ failed to provide support for his determination of Plaintiff's residual functional capacity.  Id.  Fourth, Plaintiff claimed that the ALJ erred in finding that Plaintiff retained the residual functional capacity to perform her past relevant work.  Id.  Finally, Plaintiff claimed that the ALJ  conducting the administrative hearing in a prejudicial manner.  Id.

This Court rejected all but one of Plaintiff's claims  and accepted the fourth, remanding the case back to the ALJ to fully develop the record and make specific findings as to the mental demands of Plaintiff's past relevant work and Plaintiff's ability to fulfill these demands.  Id. at 23-24.  Specifically, this Court held that should the ALJ find Plaintiff to have a residual

functional capacity for unskilled work and that Plaintiff's past relevant work was semi-skilled, then the ALJ must enter a finding that Plaintiff lacks the residual functional capacity to perform her past relevant work.  Id. at n.11.

On October 9, 2006, Plaintiff filed the instant petition for attorney's fees and costs. Plaintiff's petition seeks reimbursement for 40.25 hours and $250.00 in costs.

## II. DISCUSSION

The Equal Access to Justice Act ("EAJA") provides that the Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  Pursuant to the EAJA, fees and expenses are payable upon an order of remand.  Shalala v. Schaffer, 113 S.Ct. 2625, 2631 (1993).

Defendant "does not dispute [Plaintiff's] counsel's entitlement to an award of attorney fees under the EAJA" nor does Defendant dispute the enhanced EAJA hourly rate Plaintiff's counsel seeks to recover.  Defendant's Brief in Partial Opposition to Plaintiff's Application (Def.'s Opp. Br."), at 1.  Rather, Defendant objects to the instant petition on the grounds that the hours spent are excessive given that Plaintiff "only prevailed on one point out of four addressed in her brief . . . ."  Id. at 3.  Further, Defendant, claims that, pursuant to U.S.C.  § 2412(d)(1)(c),[2]

_____

[2]  Pursuant to 28 U.S.C.  § 2412(d)(1)(c), the Court "in its discretion, may reduce the amount to be awarded pursuant to this subsection [28 U.S.C. § 2412(d)], or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which

Plaintiff's petition should be reduced because Plaintiff's brief contained "numerous baseless accusations and hyperbole concerning the ALJ's objectiveness and rationale, as well as unprofessional, rambling remarks with no legal citation or basis."[3]  Id.

## 1.  Reasonable Fees

In the instant case, Plaintiff requests fees for 40.25 hours spent on a variety of litigation activities.  Specifically, Plaintiff requests payment for the following activities:

| Type of Work Performed | Hours Expended |
|---|---|
| Discussion with claimant regarding AC decision and District Court Appeal | 1.00 |
| Review ALJ and Appeals Council denials and medicals by Plaintiff | 1.25 |
| Prepare and file District Court Complaint | 1.00 |
| Receive and review Defendant's Answer and briefing Answer | 0.50 |
| Receipt of transcript | 0.25 |
| Review transcript to make sure all records are enclosed (995 pages) | 2.25 |
| Review Plaintiff's testimony and statement and medicals in record | 1.50 |
| Receipt and review of Court Order regarding briefing schedule | 0.25 |
| Review file and prepare rough draft of Plaintiff's | |

unduly and unreasonably protracted the final resolution of the matter in controversy."

[3]  Defendant cites to three other social security cases where Plaintiff's counsel was admonished for making and writing unfavorable comments about the ALJs in each of those cases.

4

| | |
|---|---|
| brief | 21.25 |
| Review and finalize draft of Plaintiff's brief and file with Court Clerk | 5.50 |
| Receive and review Order of Court regarding Defendant's brief | 0.25 |
| Receive and review Defendant's brief | 1.00 |
| Receive and review Court's decision; discuss with Plaintiff | 1.25 |
| Prepare and submit EAJA Petition for Attorneys' Fees & Costs petition | 1.00 |
| Prepare and submit Plaintiff's Reply on Attorneys' Fees & Costs | 2.00 |
| Langton Schedule of Services at 1. | |
| **Total Hours:** | **40.25** |

a. Relief Obtained by Plaintiff

Plaintiff argues that the hourly reimbursement rate, adjusted for inflation, permitted by the EAJA is $153.25. Langton Aff. at 2-3. Defendant does not dispute that Plaintiff is entitled to an hourly rate of $153.25. However, Defendant contends that the hours requested by Plaintiff are unreasonable and excessive. Def.'s Opp. Br. at 1. Citing the Supreme Court's decision in Hensley v. Eckerhart, Defendant claims that the Court in considering the reasonableness in Plaintiff's Petition "'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" Id. at 3 (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)). Specifically, Defendant contends that since Plaintiff prevailed on only one of the four points in her brief, Plaintiff's fees should be reduced since the "portion of plaintiff's brief that actually addresses the issue upon which the Court remanded the

case totals just 5 pages out of a 41 page brief." Id.  The Court disagrees with Defendant.

      In Hensley, the Supreme Court held that where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  Hensley, 461 U.S. at 436.  However, our courts have refused to reduce fees in Social Security cases where the "claims are indeed related and involve a 'common core of facts' and 'based on related legal theories.'"  Nero v. Bowen, 1988 WL 68916 at *3 (D.N.J. 1988) (citing Hensley, 461 U.S. at 435); see also Newell v. Commissioner of Social Security, 121 Fed.Appx. 937, 940 (3d Cir. 2005) (Third Circuit remanded Social Security case where the District Court cut the attorney's fee award "in half because one half of the arguments was abandoned" without providing "an explained reason as to why the requested attorneys fees were deemed unreasonable and excessive");  Stevens v. Barnhart, 2003 WL 22533716 at *2 (E.D.Pa. 2003) (Court rejected defendant's argument that plaintiff's attorney should not be compensated for time spent on unsuccessful claims in a Social Security case because the court found that plaintiff "should not be denied compensation for time spent on arguments his attorney had no way of knowing would be rejected by the court"); Mack v. Sullivan, 1990 WL 124932 at *2-3 (E.D.Pa. 1990) (Court granted plaintiff's full requested fees even though plaintiff was unsuccessful in his disability insurance benefits claim because plaintiff prevailed on his supplemental security income claim and the disability insurance benefits and supplemental security income claims "are closely interrelated factually and legally"); Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (quoting Hensley, 461 U.S. at 440) (only "[u]nsuccessfual claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee'"); Sorenson v.

Mink, 239 F.3d 1140, 1147 (9th Cir. 2001) ("[h]ours expended on unrelated, unsuccessful claims should not be included in an award of fees").  In fact, in 2006, the District Court in the Eastern District of Pennsylvania "found no case finding a partial award proper where a social security/disability claimant, though obtaining a remand of the case, does not prevail on every argument in favor of remand."  Corona v. Barnhart, 431 F.Supp.2d 506, 513, n.10 (E.D.Pa. 2006).

Here, Plaintiff did not succeed on all her claims.  Indeed, this Court rejected all but one of Plaintiff's claims.  However, this Court finds that all of Plaintiff's claims are related, involve a common core of facts, and are based on related legal theories.  Plaintiff filed this case seeking an appeal of the ALJ's decision denying her application for a period of disability, Disability Insurance Benefits, and Supplemental Security Income.  Plaintiff claimed that she was entitled to disability benefits and income as a result of injuries she sustained in an automobile accident.  All of the claims raised in Plaintiff's appeal centered around her injuries and the ALJ's failure to recognize her injuries as a disability.  Therefore, this Court rejects Defendant's argument that Plaintiff's attorney's fees should be limited to her one prevailing claim and finds that Plaintiff's counsel is entitled to reimbursement for all the claims raised in Plaintiff's appeal of the ALJ's decision.

b.  Reasonable Hours Expended

Although this Court finds that Plaintiff is entitled to reimbursement for the claims she raised in her appeal, Plaintiff's "fee award is not automatic and the court retains significant discretion to adjust the fee amount to reflect the objections given its 'superior understanding of the litigation.'"  White v. Barnhart, 2006 WL 2433835, at 5 (E.D.Pa. Aug. 18, 2006) (quoting

Comm'r, INS v. Jean, 496 U.S. 154, 161 (1990)).   Attorneys seeking fees pursuant to the EAJA

are required to demonstrate that their request is reasonable and to put forward a 'good faith effort

to exclude from a [fee] request hours that are excessive, redundant, or otherwise unnecessary.'"

Id. (quoting Hensley, 461 U.S. at 434).  It is "not reasonable for an attorney to bill 'for such

administrative tasks that can easily be performed by non lawyers.'" Id. (quoting Walton v.

Massanari, 177 F.Supp.2d 359, 361 (E.D.Pa. 2001) (citing Rode v. Dellarciprete, 892 F.2d 1177,

1183 (3d Cir. 1990)); see also Tierny v. City of Toledo, 1989 WL 161543 at *12 (N.D. Ohio

1989) (the Court found that "time spent by a lawyer on purely clerical matters not calling for the

exercise of legal expertise or judgment, and which could be equally well performed by clerical

staff, should not be recoverable under § 1988").   Compensable activities include background

research and reading complex cases, productive attorney discussions and strategy sessions,

negotiations, routine activities such as making telephone calls and reading mail related to the

case, monitoring and enforcing the favorable judgment, and even preparing and litigating the

request for attorneys' fees.  Posa v. City of East Orange, 2005 WL 2205786 at *4 (D.N.J. 2005).

        Here, Plaintiff has requested payment for the  non-legal task of "receipt of transcript," and

thus, Plaintiff's fee request will be decreased by .25 of an hour to 40 hours.  This Court

concludes that 40 hours is a reasonable amount of time expended by Plaintiff's counsel in

litigating Plaintiff's appeal of the ALJ's decision.  See Stevens, 2003 WL 22533716 at * 2 (Court

found that "44.3 hours expended by the attorney in litigating Plaintiff's appeal of Defendant's

decision to deny him disability benefits was a reasonable amount of time").

        c.  Hourly Rate

        Plaintiff argues that the hourly reimbursement rate of $125.00 permitted by the EAJA can

be adjusted for inflation based on the Consumer Price Index.  Langton Aff. at 2.  Plaintiff

calculates that with the adjustment, the EAJA hourly rate adjusted for inflation is $153.25.  Id. at

3.  Defendant does not dispute that Plaintiff is entitled to an hourly rate of $153.25.  This Court

accepts Plaintiff's calculation as the "Third Circuit has approved the use of the Consumer Price

Index in determining the cost of living adjustment" pursuant to the EAJA.  Mack, 1990 WL

124932 at *4 (citing Allen v. Bowen, 821 F.2d 963, 967 (3d Cir. 1987)); see also Nero, 1988 WL

68916 at *3 (Court awards counsel an increased EAJA hourly rate based "on counsel's

representation of the Consumer Price Index").  Therefore, Plaintiff's counsel is entitled to a

reimbursement rate of $153.25 per hour.

　　d.  Plaintiff's Counsel's Conduct

　　Defendant also requests that this Court reduce Plaintiff's fee award pursuant to U.S.C.  §

2412(d)(1)(c).   Pursuant to 28 U.S.C. § 2412(d)(1)(c), the Court "in its discretion, may reduce

the amount to be awarded pursuant to this subsection [28 U.S.C. § 2412(d)], or deny an award, to

the extent that the prevailing party during the course of the proceedings engaged in conduct

which unduly and unreasonably protracted the final resolution of the matter in controversy."

Defendant argues that Plaintiff's fees should be reduced because Plaintiff's brief contained

"numerous baseless accusations and hyperbole concerning the ALJ's objectiveness and rationale,

as well as unprofessional, rambling remarks with no legal citation or basis."  Def.'s Opp. Br. at 3.

Further, Defendant cites to three other social security cases where Plaintiff's counsel was

admonished for making and writing unfavorable comments about the ALJs in each of those cases

and states that it "seems inappropriate to [sic] for the United States to pay for attorney services

that have not passed scrutiny in this Court . . . .[4]   Id. at 3-4.

Although this Court does not make light of the admonishments Plaintiff's counsel has received in the past, there is nothing before this Court which would warrant a reduction of Plaintiff's fee award based on the conduct of Plaintiff's counsel.

**2.  Costs**

In addition to requesting attorney's fees, Plaintiff requests reimbursement of $250.00 for the filing fee.  Defendant does not dispute Plaintiff's ability to recover this cost.  Accordingly, this Court finds that Plaintiff is entitled to recover $250.00 in the cost for the filing fee of this appeal.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiff's Petition for Attorney's Fees and Costs is granted and Plaintiff is entitled to recover $6,130.00 in attorneys' fees for 40 hours expended in this matter and $250.00 in costs.  An appropriate order will follow.

Dated: March 27, 2007                                    /s/ Freda L. Wolfson
                                                         Honorable Freda L. Wolfson
                                                         United States District Judge

---

[4]  Defendant cites to the following cases: Ismail v. Barnahrt, No. 04-2615, n.2 (D.N.J. Oct. 7, 2005) and Hernandez v. Comm'r of Social Security, No. 05-4275 (3d Cir. Sept. 15, 2006).   Def.'s Opp. Br. at n.1.